JEWEL PRODUCTIONS, INC., and Others, Plaintiffs, *v.* IRWIN ESMOND, as Director of the Motion Picture Division of the Education Department of the State of New York, Defendant.

Supreme Court, Special Term, New York County, September 9, 1938.

*Henry Pearlman,* for the plaintiffs.

*Ernest E. Cole* [*Charles A. Brind, Jr.,* of counsel], for the defendant.

SCHENCK, J. This is an application by the plaintiffs for a temporary injunction to restrain the Director of the Motion Picture Division of the Education Department of the State from terminating the permit issued by its predecessor, the Motion Picture Commission, for the public exhibition of plaintiffs' film in this State and from otherwise interfering with the public exhibition of the same.

The original statute for the licensing of motion pictures in the State of New York (Laws of 1921, chap. 715) provided (§ 6) for the mandatory issuance of permits by the former Motion Picture Commission for any film which had been publicly exhibited within the State prior to August 1, 1921. Concurrent with this duty, however, the Commission was vested with the power to revoke such a permit. (§ 7.) The power to revoke any permit issued by virtue of the statute of 1921 is continued by express language of the present statute (Education Law, § 1085) and vested in the defendant as Director of the Motion Picture Division of the State Education Department. The statutory jurisdiction of the defendant to revoke the permit for the exhibition of " Animated Diagrams of the Human Body," which as a film publicly exhibited prior to August 1, 1921, had been licensed under section 6 of the act of that year, is not open to question. It is clearly and explicitly vested by statute, and in view of the fact the original statute itself contained provisions for revocation of such a permit, continued in the present statute, the power of revocation vested in the defendant cannot,

upon any possible theory, be deemed exercised under a retroactive statute which interferes with a vested right of the plaintiffs.

It remains to be determined whether the act of the defendant in revoking the license is shown on the papers presented on this motion to be so clearly arbitrary and capricious as to require, during the pendency of the action in equity, judicial interference. The burden is upon the plaintiffs to show that no reasonable person could have reached the conclusion arrived at by the defendant. It seems to me that the defendant shows upon his answering affidavit a reasonable basis for his action, and the court cannot inquire, upon this motion, further than to determine that question. The full merits of the controversy must await the plenary inquiry into the facts to be afforded on the trial of the issues.

Defendant shows upon this question that the film has been exhibited in connection with advertisements and posters clearly suggestive and salacious; that the permit seal attached to the film contained no serial number; that alterations have been made in the film since its original license by the incorporation of subtitles without the consent of the defendant; that apparently the film was at one time part of an exhibition entitled " Some Wild Oats," the permit for which exhibition, which then included the two reels in question, was revoked in 1924 and that dialogue has apparently been added to one of the films in question since the original permit was issued. All, or most of these grounds for revocation were clearly within the statutory jurisdiction of defendant. The exercise of that jurisdiction should not be interfered with prior to the adjudication of the issues, especially since a presumption of regularity attaches to the administrative determinations of the defendant in matters over which he has such jurisdiction. This conclusion is fortified by the fact that the way is presently open to the plaintiff to submit the film to the defendant for license in the manner provided by the statute. (Education Law, § 1085.)

The motion is denied, without costs.

Submit order.